UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS
WESTERN DIVISION

| | |
|---|---|
| PATRICIA DUVAL AND DAVID DUVAL,<br>　　Plaintiffs,<br><br>v.<br><br>GENERAL MOTORS CORPORATION and<br>GENERAL MOTORS LLC,<br>　　Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)    CIVIL ACTION NO.: |

## GENERAL MOTORS LLC'S NOTICE OF REMOVAL

Defendant General Motors LLC ("New GM") removes this action from the Berkshire County Superior Court to the United States District Court for the District of Massachusetts, Western Division, pursuant to 28 U.S.C. §§ 1441 and 1452, and Bankruptcy Rule 9027, and based on the following facts:

## BACKGROUND

1.  On September 14, 2017, New GM was served with a Summons and Second Amended Complaint in an action styled *Patricia Duval and David Duval v. General Motors Corporation and General Motors LLC*, Civil Action No. 2014-00339A, filed on August 21, 2017 in the Berkshire County Superior Court (the "Action"). The action was originally filed on December 10, 2014, against defendants Michelle L. Drew and Joann F. Morawiec, who were dismissed by agreement of the parties on August 21, 2017. On September 24, 2016, Plaintiffs filed an Amended Complaint, adding Saturn Corporation, General Motors Corporation, Metropolitan Property and Casualty Insurance Company, Co-Part of Connecticut, Inc., and Otto Cadillac, Inc. as defendants. On February 2, 2017, the Massachusetts state court granted motions to dismiss for Metropolitan Property and Casualty Insurance Company, Co-Part of Connecticut,

1

Inc., and Otto Cadillac, Inc., and on August 14, 2017, Plaintiffs voluntarily dismissed Saturn Corporation.

2. This Action arises out of an alleged incident involving a 2003 Saturn Ion ("Subject Vehicle"). 2nd Am. Compl. ¶ 5 (Facts). The Second Amended Complaint alleges that on August 20, 2014, Plaintiff Patricia Duval was a passenger in the Subject Vehicle, when it was involved in a single-vehicle incident. *Id.* Plaintiffs' further claim that the Subject Vehicle "contained a defective ignition switch/air bag restraint system," and that during the course of the incident, the subject Ion's air bag restraint system failed to deploy and caused Plaintiff Patricia Duval's injuries. *Id.* ¶ 7-8 (Facts); ¶ 7 (Count II).

3. Plaintiff seeks damages from New GM under theories of (1) negligence and (2) breach of warranty *Id.* 3-7.

4. On March 25, 2014, the Judicial Panel on Multidistrict Litigation ("JPML") established MDL 2543, *In re: General Motors LLC Ignition Switch Litigation*. Subsequently, on June 9, 2014, the JPML designated the United States District Court for the Southern District of New York as the MDL Court and assigned the Honorable Jesse M. Furman to conduct coordinated or consolidated proceedings in the Ignition Switch Actions. *In re Gen. Motors LLC Ignition Switch Litig.*, MDL No. 2543, ECF No. 266 (J.P.M.L. June 9, 2014), attached as Exhibit A. The JPML transferred an initial group of fifteen actions pending in six federal districts to the Southern District of New York after concluding that it was "undisputed" that cases alleging a defect in the vehicle ignition switch of certain New GM vehicles satisfied the requirements for coordinated or consolidated pretrial proceedings under 28 U.S.C. § 1407. *Id.* at 2.

2

5. This Action is one of more than 315 actions (the "Ignition Switch Actions") filed in, or removed to, federal court since February 2014 that assert factual allegations involving defective ignition switches, including in Saturn Ion vehicles, and/or inadvertent key rotation. The Ignition Switch Actions have been brought in at least 38 federal district courts, including in Alabama, Arizona, Arkansas, California, Colorado, the District of Columbia, Florida, Georgia, Illinois, Indiana, Kentucky, Louisiana, Massachusetts, Michigan, Mississippi, Missouri, New Jersey, New York, Ohio, Oklahoma, Pennsylvania, and Texas. *See generally* MDL No. 2543; e.g. ECF Nos. 207, 358, 377, and 575, attached as Exhibit B; *Abney, et al. v. Gen. Motors LLC*, 14-CV-5810 (S.D.N.Y.) (alleging personal injury claims related to Saturn Ion vehicles, among others); *Fleck v. Gen. Motors LLC*, 14-08176 (S.D.N.Y.) (involving more than 300 personal injury plaintiffs allegedly involved in accidents in various model vehicles, including the Saturn Ion); *Hayes v. Gen. Motors LLC*, 14-CV-10023 (S.D.N.Y.) (alleging more than 60 personal injury plaintiffs allegedly involved in accidents in various model vehicles, including the Saturn Ion); *Jackson, et al. v. Gen. Motors LLC*, 15-0713 (S.D.N.Y.) (alleging personal injury claims related to Saturn Ion vehicles, among others).

6. As soon as the Clerk assigns this case a docket number, New GM will notify the JPML that this case is a tag-along action pursuant to Panel Rule 7.1. Because the ignition switch allegations in this case share "one or more common questions of fact" with the other Ignition Switch Actions, this case is appropriate for MDL transfer and consolidation with the other Ignition Switch Actions pending in the Southern District of New York. *See* 28 U.S.C. § 1407(a).

## BASIS FOR REMOVAL

7. This Action is properly removable because it is a civil proceeding that (i) arises under 11 U.S.C. §§ 101 *et seq.* (the "Bankruptcy Code"); (ii) arises in a case under the

Case 1:17-cv-08968-JMF   Document 1   Filed 10/12/17   Page 4 of 8

Bankruptcy Code; and/or (iii) is related to a case under the Bankruptcy Code. This Court thus has jurisdiction pursuant to 28 U.S.C. §§ 157(b), 1331, and 1334(b), and removal to this Court is proper under 28 U.S.C. §§ 1452(a), as well as Rule 9027 of the Federal Rules of Bankruptcy Procedure.

8. On June 1, 2009, Motors Liquidation Company, f/k/a General Motors Corporation ("Old GM") filed a petition under chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the Southern District of New York ("New York Bankruptcy Court"). On July 5, 2009, the New York Bankruptcy Court issued an order ("Sale Order and Injunction") approving the sale ("363 Sale") of substantially all of Old GM's assets to the predecessor of New GM. The sale of assets was free and clear of all liens, claims, and encumbrances, except for certain limited exceptions. *See* Sale Order and Injunction, attached as Exhibit C ¶ 7. The 363 Sale was consummated on July 10, 2009. Ultimately, New GM was transferred certain of Old GM's assets and also assumed certain limited liabilities, as described in the Sale Order and Injunction and Amended and Restated Master Sale and Purchase Agreement ("Sale Agreement").

9. Although New GM's purchase of Old GM's assets closed on July 10, 2009, Old GM's bankruptcy case is still open. Thus, by expressly naming Old GM as a defendant in this action, Plaintiff has brought this action against a debtor in bankruptcy. 2nd Am. Compl. ¶ 3 (Parties).[1]

10. This case is a civil proceeding that arises under 11 U.S.C. §§ 101 *et seq.*; arises in a case under the Bankruptcy Code; and/or is related to a case under the Bankruptcy Code because Plaintiff has named a debtor in bankruptcy. Federal jurisdiction is proper where any

---

[1] Old GM was dissolved on December 15, 2011. Notwithstanding this fact, because Plaintiff has named Old GM and because its bankruptcy case remains open, federal court jurisdiction is proper, as set forth in ¶ 11, *infra*.

4

recovery could affect the value of the bankruptcy estate. *In re Dow Corning Corp.*, 86 F.3d 482, 489 (6th Cir. 1996), *citing Pacor, Inc. v. Higgins*, 743 F.2d 984, 994 (3rd Cir. 1984) ("The usual articulation of the test for determining whether a civil proceeding is related to bankruptcy is whether the outcome of the proceeding could conceivably have any effect on the estate being administered in bankruptcy."), *overruled in part on other grounds by Things Remembered, Inc. v. Petrarca*, 516 U.S. 124, 124-25 (1995); *In re Fietz*, 852 F.2d 455, 457 (9th Cir. 1988) (same); *Zerand-Bernal Group, Inc. v. Cox*, 23 F.3d 159, 161 (7th Cir. 1994) ("The reference to cases related to bankruptcy cases is primarily intended to encompass tort, contract, and other legal claims by and against the debtor, claims that were it not for bankruptcy, would be ordinary stand-alone lawsuits between the debtor and others but that section 1334(b) allows to be forced into bankruptcy court"); *Coar v. Nat'l Union Fire Ins. Co.*, 19 F.3d 247, 249 (5th Cir. 1994) (possibility that damages award would be paid by the debtors estate was sufficient to establish federal jurisdiction*); In re Scanware, Inc.*, 411 B.R. 889, 894-95 (Bankr. S.D. Ga. 2009) ("There is no question that the underlying state court action against Debtor is at least 'related to' Debtor's bankruptcy. A finding against Debtor would alter its rights, liabilities, options, and freedom of action and impact the administration of its bankruptcy estate."). *See also Tomassi v. MDS, Inc.*, No. 5:12-CV-00201, 2013 U.S. Dist. LEXIS 54719, at *4-6 (W.D. Ky. April 16, 2013) ("The Sixth Circuit has adopted the expansive definition of a 'related to' proceeding. . . . The Court finds the instant case is 'related to' Plaintiff's bankruptcy because, first, it could conceivably impact the handling and administration of the bankrupt estate.").

11.     As such, this case arises under the Bankruptcy Code; arises in a case under the Bankruptcy Code; and/or is related to a case under the Bankruptcy Code because Plaintiff has

named a debtor in bankruptcy, and is therefore removable to this Court under 28 U.S.C. §§ 1452(a) and/or 1441(b) and Bankruptcy Rule 9027.

## REMOVAL IS TIMELY

12. This Notice of Removal is timely because it is being filed within 30 days after New GM was served with the Summons and Second Amended Complaint. 28 U.S.C. § 1446(b). Plaintiff filed suit on December 9, 2014, and New GM was served with the Summons and Second Amended Complaint on September 15, 2017. *See* Exhibit D.

## VENUE

13. The United States District Court for the District of Massachusetts, Western Division, is the United States district and division embracing the Berkshire County Superior Court, where this action was filed and is pending. *See* 28 U.S.C. § 101. Therefore, venue of this removed action is proper in this Court.

## CONSENT

14. Because the action is being removed on the basis of bankruptcy jurisdiction, consent of all properly joined and served defendants is not required. *In re WorldCom, Inc. Sec. Litig.*, 293 B.R. 308, 330 (S.D.N.Y. 2003) ("It seems clear that Section 1452(a) does not require the defendants' unanimous consent to removal.").

## NOTICE TO THE STATE COURT

15. Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal is being served on all adverse parties and filed with the Berkshire County Superior Court, where this case was originally filed.

WHEREFORE, General Motors LLC respectfully requests that this Action in the Berkshire County Superior Court, be removed to this Court, and that no further proceedings be

had in the Massachusetts state court.

DATED: October 12, 2017

>GENERAL MOTORS LLC
>
>By its attorneys
>
>CAMPBELL CAMPBELL EDWARDS & CONROY, P.C.
>
>*/s/ Michelle I. Schaffer*
>James M. Campbell (BBO# 541882)
>Michelle I. Schaffer (BBO# #552383)
>One Constitution Plaza
>Boston, MA 02129
>(617) 241-3000

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was served by electronically filing with the Clerk of the Court using CM/ECF on October 12, 2017, on **Owen P. McGowan** at opm@mcgowanassociateslaw.com.

>GENERAL MOTORS LLC
>
>By its attorneys
>
>CAMPBELL CAMPBELL EDWARDS & CONROY, P.C.
>
>*/s/ Michelle I. Schaffer*
>James M. Campbell (BBO# 541882)
>Michelle I. Schaffer (BBO# #552383)
>One Constitution Plaza
>Boston, MA 02129
>(617) 241-3000

7